**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MUSA MOHAMED DARAMY,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-70835<br><br>Agency No. A078-667-911<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014<sup>**</sup>

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Musa Mohamed Daramy, a native and citizen of Sierra Leone, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Daramy contends rebels targeted him and his family because of his ethnicity and political opinion. Substantial evidence supports the agency's determination that Daramy failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1490-91 (9th Cir. 1997); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (to obtain reversal, petitioner must show "the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original). In the absence of past persecution, Daramy's humanitarian asylum claim necessarily fails. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Further, we lack jurisdiction to consider Daramy's pattern and practice of persecution contention because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, Daramy's asylum and withholding of removal claims fail. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

10-70835

Finally, Daramy does not challenge the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**